TM:JMR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ROBERT RUIZ,

            Defendant.

- - - - - - - - - - - - - - - X

M-10-1425

**Submitted Under Seal**

AFFIDAVIT IN SUPPORT
OF AN ARREST WARRANT

(T. 18, U.S.C., § 1951(a))

     JONATHAN R. MELLONE, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Labor Racketeering and Fraud Investigations, duly appointed according to law and acting as such.

     Upon information and belief, in or about and between December 2008 to present, within the Eastern District of New York and elsewhere, the defendant ROBERT RUIZ, together with others, knowingly and intentionally conspired to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and his co-conspirators agreed to obtain property of International Longshoremen's Association Local 1235 union members, to wit: money belonging to Local 1235 union members, with their consent, which consent was to be induced by wrongful use of actual and

2

threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a).

(Title 18, United States Code, Section 1951(a))

The source of my information and the grounds for my belief are the following:

1. I have been a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Labor Racketeering and Fraud Investigations since 2001. As such, I have participated in, among other things, investigations into organized crime's participation in union-related corruption and racketeering on the New York and New Jersey waterfronts. In connection with these investigations, I have participated in numerous debriefings of confidential sources and cooperating witnesses relating to illegal activities on the waterfront.

2. I am familiar with the facts and circumstances of this matter from, among other things, my personal participation in this investigation, reports made to me by other law enforcement officials and review of transcripts of witness testimony before a grand jury in the Eastern District of New York.

3. Except as explicitly set forth below, I have not distinguished herein between facts of which I have personal knowledge and facts as to which I have hearsay knowledge.

4. Because this affidavit is being submitted for the limited purpose of seeking an arrest warrant and authorization to arrest the defendant ROBERT RUIZ, I have not set forth each and every fact determined during the course of this investigation, but simply those facts which I believe are necessary to establish probable cause for the requested arrest warrant.

5. Based on information learned in the course of the investigation, including information learned from the debriefing of confidential informants and cooperating witnesses, I have learned that members and associates of the Genovese organized crime family (the "Genovese crime family") have conspired to control the ports in New Jersey, including the International Longshoremen's Association ("ILA"), for an extended period of time. The Genovese crime family's conspiracy to control the New Jersey ports involves, in part, an extortion scheme in which members of the ILA are required to provide tribute payments to ILA union officials or members around Christmastime, which payments are in turn transmitted to the Genovese crime family. As alleged in Federal Bureau of Investigation ("FBI") Special Agent John Penza's March 30, 2010 Affidavit in Support of an Arrest Warrant for Stephen Depiro, United States v. Depiro, 10-CR-341 (ILG) (EDNY), Depiro, a Genovese crime family member, handled the Genovese crime family's extortion scheme at the ports

4

in recent years for Tino Fiumara, another Genovese crime family member.[1]

6.  Information provided by confidential informants and cooperating witnesses has been corroborated by observations made by me and my fellow law enforcement agents during the course of the investigation. For example, from in or about and between November 2009 to January 2010, Depiro was observed meeting with Fiumara on multiple occasions on Long Island, where Fiumara resided prior to his death, and Manhattan. In addition, during the same time period, Depiro was observed meeting with a leader of a local of the ILA in New Jersey.

7.  The defendant ROBERT RUIZ is approximately 51 years old. He is the delegate of ILA Local 1235, a union that represents port workers in New Jersey. He is also an International Representative for the ILA.

8.  During the course of the investigation, witnesses have testified before the grand jury in the Eastern District of New York regarding their being requested to pay money to union officials and/or longshoremen's supervisors at Christmastime. One such witness, John Doe #1, has advised, in substance and in part, that he is a longshoreman on the New Jersey piers and is a member of ILA Local 1235. In the course of the investigation,

---

[1] Based on information I have learned in the course of the investigation, including a review of public records, I am aware that Tino Fiumara died on September 16, 2010.

5

John Doe #1 has advised that he has made yearly cash payments to ILA union officials at approximately Christmastime, including, but not limited to, the time period from December 2008 to December 2009. John Doe #1 has further advised that in recent years, he has paid the defendant ROBERT RUIZ directly during the Christmas time period. In December 2009, John Doe #1 was approached by RUIZ and a co-conspirator and was told to collect "envelopes" from union members during the Christmas season. John Doe #1 further advised that John Doe #2 was collecting envelopes during the Christmas time period in 2009 to give to RUIZ. John Doe #1's understanding was that he could lose his job on the New Jersey piers if he did not make a payment every year at approximately Christmastime. John Doe #1 further advised, in sum and substance, that, in paying the money, his understanding was that the payments were ultimately given to organized crime members and associates.

9. John Doe #2 has advised that he is a longshoreman on the New Jersey piers and is a member of ILA Local 1235. In the course of the investigation, John Doe #2 has advised, in substance and in part, that he has made a cash payment every year to union officials or longshoremen's supervisors at approximately Christmastime for the last seven or eight years. In December 2009, the defendant ROBERT RUIZ instructed John Doe #2 to give his (John Doe #2's) cash payment to John Doe #1. John Doe #2

6

subsequently gave approximately $2,000 in cash to John Doe #1. John Doe #1 then gave envelopes to John Doe #2 to give to RUIZ. John Doe #2 understood the envelopes to contain cash payments from longshoremen. John Doe #2 then gave the envelopes to RUIZ. At some point after John Doe #2 gave the envelopes to RUIZ, RUIZ gave a quantity of United States currency to John Doe #2 and asked John Doe #2 to hold on to the money. John Doe #2 then buried the cash in plastic wrapping in a cooler in the backyard of a property he owns. John Doe #2 told RUIZ that he (John Doe #2) hid the money that RUIZ had given to him.

10. John Doe #2's understanding was that he could lose his job on the New Jersey piers or could be killed if he did not make a payment every year at approximately Christmastime. John Doe #2 further advised, in sum and substance, that, in paying the money, his understanding was that the payments were ultimately given to organized crime members and associates.

11. On April 26, 2010, after receiving consent to search from John Doe #2, I and other law enforcement agents recovered a black plastic bag that was buried in John Doe #2's backyard that contained a cooler. Inside the cooler, I and other law enforcement agents found a clear plastic bag containing United States currency wrapped in plastic cellophane. The total amount of currency contained in the cooler was approximately $51,900. Agents from the FBI took custody of the money. In

7

context, and based on information provided by John Doe #2, the $51,900 constitutes proceeds of the extortion conspiracy described herein.

\* \* \* \* \*

12. Based on the confidential nature of the investigation described herein, I respectfully ask that this affidavit be filed under seal until further order of the Court.

WHEREFORE, I respectfully request that the Court issue an arrest warrant for the defendant ROBERT RUIZ so that he may be dealt with according to law.

Dated: Brooklyn, New York
December 1, 2010

*[signature]*
Jonathan R. Mellone
Special Agent
United States Department of Labor

S/Levy

THE HON
UNITED
EASTERN

Y
DGE
K